1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JEFFREY L. DRYDEN,                          )
                                            )
                          Plaintiff,        )        Case No.  2:13-cv-01896-RCJ-PAL
                                            )
vs.                                         )        **<u>ORDER</u>**
                                            )
ANDREA E. BAREFIELD,                        )        (IFP App - Dkt #1)
                                            )
                          Defendant.        )
_____)

   Plaintiff Jeffrey L. Dryden is proceeding in this action pro se, has requested authority pursuant to 42 U.S.C. § 1983 to proceed in forma pauperis, and submitted a complaint. *See* Application to Proceed In Forma Pauperis (Dkt. #1).

**I.  In Forma Pauperis Application**

   Dryden has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Dryden's complaint.

**II.  Screening the Complaint**

   Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment*.  See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Dryden's Complaint attempts to state claims under 42 U.S.C. § 1983 against Defendant Andrea E. Barefield. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

### A.    Factual Allegations.

Dryden's Complaint alleges that he is a resident of California who moved to Nevada to attend the University of Nevada Las Vegas ("UNLV") as a graduate student. Dryden is a graduate of the University of California Davis School of Law and has passed the California and Nevada Bar Examinations and Multistate Professional Responsibility Exam. He alleges Defendant Andrea E. Barefield is the Coordinator of the Office for Student Conduct at UNLV. Dryden alleges Barefield promulgated certain rules at UNLV and told the Nevada State Bar that Dryden was expelled from UNLV for violating these rules. Additionally, Dryden alleges that the Nevada State Bar denied him admission to practice law in Nevada because of Barefield's statements that he was expelled for violating vague and overbroad laws or rules.

Dryden alleges that Barefield attempted to impose disciplinary sanctions, including compulsory psychological treatment for impulse control, against him for failing to pay parking fines or parking fine

late fees to UNLV's Department of Parking and Transportation Services (the "Parking Department"). Dryden requested a hearing pursuant to the UNLV Student Code of Conduct (the "Code"). Dryden alleges Barefield made a verbal presentation of her allegations in an ex parte meeting with the hearing committee in violation of the Code. Dryden asserts Barefield failed to introduce any evidence on the issue of whether Dryden owed money to the Parking Department to the hearing committee. However, Dryden also alleges the hearing committee ruled unanimously in his favor, finding he did not owe any money to the Parking Department or require psychological treatment.

Dryden alleges that the Code permits a designee of the Vice President of Student Affairs to impose greater sanctions than recommended by the hearing committee. Dryden asserts that Barefield, acting as such a designee, reversed the findings of the hearing committee and ruled that Dryden did owe money to the Parking Department and had to undergo psychological treatment. Dryden timely appealed this decision, but he alleges "on information and belief" that Barefield denied his appeal without submitting it to the appeals panel. Dryden asserts he was never provided a copy of the appeals panel's decision. As a result, he was expelled or constructively expelled by Barefield without notice, hearing, or appeal.

Additionally, Dryden alleges he was accused of committing a crime by a UNLV police officer, who attempted to question him. Dryden alleges he asserted his *Miranda* rights and refused to answer the officer's questions. Dryden contends the officer asked Barefield to discipline Dryden for asserting his *Miranda* rights. Barefield allegedly expelled Dryden for violation of UNLV's Code provision that requires students to comply with reasonable directions of university officials or law enforcement.

**B.    Dryden's Claims.**

**1.    Claims Against Barefield in Her Official Capacity.**

**a.    Claims for Damages.**

Dryden may be attempting to state claims against Barefield in her official capacity. A suit against a state official in her official capacity is not a suit against the official, but is instead a suit against the official's office. *See Will,* 491 U.S. at 71. As discussed below, a suit against Barefield in her official capacity is a suit against the state of Nevada, and under the Eleventh Amendment, the state is immune from suit. The Eleventh Amendment bars suits "in law or equity, commenced or prosecuted

against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  In the absence of a waiver by the state or a valid congressional override, agencies of the state are immune for private damage actions or suits for injunctive relief brought in federal court. *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir.1999). Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment. *See O'Connor v. Nevada,* 686 F.2d 749, 750 (9th Cir.1982) (citing NRS 41.031(3)).

Courts in this district have clearly established that the state university system, including UNLV, operates as a branch of the Nevada state government and is a state instrumentality or agency within the meaning of the Eleventh Amendment. *See*, *e.g., Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 883. n. 7 (9th Cir. 2004) (noting Nevada System of Higher Education is immune from suit under the Eleventh Amendment); *Johnson v. Univ. of Nev.,* 596 F. Supp. 175, 178 (D. Nev.1984) (finding the University of Nevada and its Board of Regents were state entities entitled to immunity under the Eleventh Amendment); *Simonian v. University and Community College System* 128 P.3d 1057, 1061–62 (Nev. 2006) (where Nevada Supreme Court held that the University and Community College System is a state entity for purposes of the Federal Claims Act).

Eleventh Amendment immunity extends to officials sued in their official capacities.  A suit against a state official in his or her official capacity is not a suit against the official, but rather, is a suit against the official's office. *See Will*, 491 U.S. at 71.  Accordingly, Barefield is immune from Dryden's claim for monetary damages in her official capacity under the Eleventh Amendment.

### b.    Claim for Injunctive Relief.

To the extent Dryden is seeking injunctive relief, the Eleventh Amendment does not bar that claim. *See Gamage v. Nevada ex rel. Board of Regents of Nevada Sys. of Higher Ed.*, (Jan 21, 2014) (citing *Ex Parte Young,* 209 U.S. 123 (1908)).  In *Ex Parte Young,* the United States Supreme Court held that the Eleventh Amendment immunity doctrine does not bar suits brought in federal court against state officials in their official capacities for prospective injunctive relief to prevent future violations of federal law. *See Puerto Rico Aqueduct & Sewer Auth'y v. Metcalf & Eddy*, *Inc.,* 506 U.S. 139, 146 (1993).

/ / /

4

1    Dryden's complaint contains a prayer for relief which requests an injunction compelling

2    Barefield to reinstate Dryden as a student in good standing at UNLV, purging all "allegations of fault"

3    from his student file, requiring Barefield to inform the State Bar of Nevada that her allegations against

4    Dryden were false, and deleting "any provision that is unconstitutional" from UNLV's Code.  As set

5    forth in this Order, Dryden has not stated any federal claim entitling him to relief this case.

6    Accordingly, he is not entitled to injunctive relief.

7    Additionally, to the extent Dryden is seeking a preliminary/permanent injunction, he must allege

8    (a) that he will suffer irreparable injury if the injunction is not granted; (b) he will likely prevail on the

9    merits; (c) in balancing the equities, Barefield will not be harmed by the injunction more than Dryden is

10   helped by it; and (d) granting the injunction is in the public interest.  *See Stanley v. University of S.*

11   *Cal.*, 13 F.3d 1313, 1319 (9th Cir. 1994).  Alternatively, Dryden must demonstrate either a combination

12   of probable success on the merits and the possibility of irreparable injury *or* that serious questions are

13   raised, and the balance of hardships tips sharply in Dryden's favor.  *Id.*   Concerning the balance of

14   hardships, even if the balance tips in favor of the moving party, a fair chance of success on the merits

15   must nevertheless be shown.  *Id*.  The two alternative tests "represent two points on a sliding scale in

16   which the required degree of irreparable harm increases as the probability of success decreases. They

17   are not separate tests but rather outer reaches of a single continuum."  *Baby Tam Co. v. City of Las*

18   *Vegas*, 154 F.3d 1097, 1100 (9th Cir.1998).  Here, Dryden has not he made requisite showing under

19   either alternative test to justify the entry of an injunction.

20       **2.    Claims Against Barefield in Her Individual Capacity.**

21           **a.    Due Process Claims.**

22   Dryden alleges he was denied procedural due process because he was expelled without notice,

23   hearing, or appeal.  In order to state a procedural due process claim, Dryden must allege he was

24   deprived of a protected interest, without due process of law.  *See Logan v. Zimmerman Brush Co.*, 455

25   U.S. 422, 428, (1982).  To be entitled to the procedural protections of the Fourteenth Amendment,

26   Plaintiff must demonstrate that his dismissal from the school deprived him of either a "liberty" or a

27   "property" interest.  *See Univ. of Mo. v. Horowitz*, 435 U.S. 78, 82 (1978).  Plaintiff has a protected

28   property interest in continued enrollment at a public institution of higher learning.  *Id.*  When a student

is suspended from a public school or university for disciplinary reasons, due process requires "that the student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Goss v. Lopez*, 419 U.S. 565, 581 (1975). Dryden acknowledges in his complaint that he was given notice and an opportunity to be heard, and that he filed a timely appeal. Although it does not appear the Ninth Circuit has ruled on the issue, the weight of the authority is that Barefield did not violate Dryden's due process rights if, accepting the allegations in the complaint as true, Barefield failed to comply with UNLV's Code's procedures. *See T.T. v. Bellevue School Dist.*, 2009 WL 816961 at *6 (Mar. 24, 2009) (citing *Goodrich v. Newport News Sch. Bd.*, 743 F.2d 225, 227 (4th Cir. 1984); *McDarby v. Dinkins*, 907 F.2d 1334, 1337 (2d Cir. 1990); *Eguia v. Tompkins*, 756 F.2d 1130, 1137-38 n.11 (5th Cir. 1985); *Atencio v. Bd. of Educ.*, 658 F.2d 774 (10th Cir. 1981); *Bates v. Sponberg*, 547 F.2d 325, 329-30 (6th Cir. 1976)), *rev'd in part on other grounds by* 376 Fed. Appx 769 (9th Cir. Apr. 19, 2010). Moreover, section 1983 does not create a right to re-litigate evidentiary questions arising in school disciplinary proceedings or the proper construction of school regulations in federal court. *See Board of Education v. McCluskey*, 458 U.S. 966, 970 (1982) (citing *Wood v. Strickland*, 420 U.S. 308, 326 (1975), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). In addition, this court is not permitted to construe UNLV's regulations. The Supreme Court has clearly admonished the lower courts that "[i]t is not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking a basis in wisdom or compassion." *Wood*, 420 U.S. at 326. The Court further recognized that the system of public education in the United States "relies necessarily upon the discretion and judgment of school administrators." *Id.* Dryden's procedural due process claim will be dismissed, with leave to amend.

### b. Dryden's Equal Protection Claim.

Dryden alleges he was treated differently by Barefield because he was a resident of California who recently moved to Nevada. The purpose of the equal protection clause of the Fourteenth Amendment is to prevent intentional and arbitrary discrimination. *See Engquist v. Oregon Dept. of Ag.*, 553 U.S. 591, 611 (2008) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff has not alleged that he was discriminated against based on his membership in any protected class (either

gender, national origin, or religion), nor has he asserted that he was intentionally treated differently from others similarly situated (the so-called "class of one" equal protection claim).  Therefore, Dryden has not stated an equal protection claim, and the court will dismiss this claim with leave to amend.

### c.   Dryden's Overbreadth/Vagueness Claims.

Dryden challenges certain provisions of UNLV's Code as both unconstitutionally vague and overbroad, as written and as applied.  The two provisions of the Code Dryden claims are overbroad and vague criminalize: (a) any act or actions, committed by a student within the authority and jurisdiction of the Code, that is contrary to federal, state, local law, or University policy or regulation; and (b) failing to comply with reasonable directions of University officials (i.e., faculty, staff, graduate assistants, student employees) or law enforcement officers who have identified themselves as such and are performing their duties. Complaint at ¶¶ 31, 32.  Dryden alleges that he was stopped by an unnamed university police officer who accused him of committing a crime.  He asserted his *Miranda* rights, requested an attorney, and refused to answer the police officer's questions.  Dryden alleges that the police officer asked Barefield to discipline him.  Dryden alleges Barefield expelled him without telling him what federal, state, or local law or university policy or regulation he violated.

As an initial matter, Barefield is not the proper party to sue for the alleged unconstitutionality of these Code provisions.  Dryden does not allege, nor is it plausible to believe, that Barefield–the Coordinaror of the Office for Student Conduct–promulgated these rules and regulations.  Dryden's conclusory and speculative allegations that Barefield is somehow responsible for these provisions of the Code do not state a claim upon which relief can be granted.

### i.   Dryden's Facial Challenges.

With respect to Dryden's facial overbreadth challenge to the two Code provisions, it is well-established that a person to whom a statute may be constitutionally-applied cannot challenge that statute because it could conceivably be applied unconstitutionally to others in situations not before the court.  *See New York v. Ferber*, 458 U.S. 747, 767 (1982).  This rule is based on two cardinal principles of constitutional law. *Ferber*, 458 U.S. at 768.  First, constitutional rights are personal in nature. *Id.* Second, Article III of the Constitution limits the jurisdiction of the federal courts to actual cases and controversies. *Id.*  This means that the court must not: (a) anticipate a question of constitutional law in

advance of the necessity of deciding it; or (b) formulate a rule of constitutional law broader than required by the precise facts to which the rule will be applied. *Id.* at n.20.

Officers conducting a *Terry* stop are permitted to ask questions to enable law enforcement to identify a suspect, and the state may lawfully prosecute a suspect who refuses to answer those questions. *Hiibel v. Sixth Judicial Dist. Ct. of Nev., Humboldt Cty.,* 542 U.S. 177, 187 (2004). Dryden does not allege what questions he refused to answer, but to the extent that he failed to answer questions concerning his identity, Plaintiff cannot state a claim. The school could discipline him under the Code provisions Dryden cites because the Supreme Court has found Nevada's stop and identify law constitutional. *Id.*; NRS 171.123. In addition, Dryden does not allege he was subject to custodial interrogation by the unnamed police officer, and *Miranda* only applies to custodial interrogations. *See generally Miranda v. Arizona,* 348 U.S. 436 (1966). Finally, Dryden admits he did not answer the unnamed police officer's questions, and the Code provisions proscribe failing to comply with law enforcement officers who are performing their duties. Accordingly, Dryden's facial challenges to the Code provisions will be dismissed with leave to amend.

With respect to Dryden's facial vagueness challenge, the due process clause of the Fourteenth Amendment requires that a criminal statute provide the kind of notice that will enable ordinary people to understand what the law prohibits and does not authorize or encourage "seriously discriminatory enforcement." *See United States v. Williams,* 553 U.S. 285, 304 (2008); *City of Chicago v. Morales,* 527 U.S. 41, 56 (1999) (internal citation omitted). However, a person who has engaged in some conduct which is clearly proscribed cannot complain of the vagueness of the law as applied to others. *See Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 445 U.S. 489, 495 (1982). Dryden's allegations foreclose his facial vagueness challenge. As set forth above, Dryden admits he did not answer the unnamed police officer's questions, and the Code provisions proscribe failing to comply with law enforcement officers who are performing their duties.

Dryden's facial overbreadth and vagueness challenges will, therefore, be dismissed with leave to amend.

/ / /

/ / /

8

1    **ii.    Dryden's As-Applied Challenges.**

2        Dryden's as-applied challenges do not state a claim upon which relief can be granted.  He has

3    not alleged facts to support these claims.  His speculative allegations that he was expelled or

4    constructively expelled by Barefield for failing to answer an unnamed police officer's questions are

5    inadequate to state a constitutional claim.

6        Furthermore, Dryden has not stated when any of this alleged conduct occurred.  Although

7    section 1983 does not provide a specific statute of limitation, 42 U.S.C. § 1988 provides that where the

8    federal law does not provide a statute of limitations, state law shall apply.  The Supreme Court has held

9    that in the interest of national uniformity and predictability, all section 1983 claims shall be treated as

10   tort claims for the recovery of personal injuries.  *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Owens v.*

11   *Okure*, 488 U.S. 235, 249-50 (1989).  In Nevada, the personal injury statute of limitations is two years.

12   *See* N.R.S. 11.190(4)(e).  For all of these reasons, Plaintiff's as-applied overbreadth and vagueness

13   claims will be dismissed with leave to amend.

14   **e.    Dryden's State Law Claim.**

15       Dryden also alleges a claim for invasion of privacy.  He asserts that Barefield asked UNLV

16   police to conduct a background check of Dryden, and "on information and belief," the police turned

17   over Plaintiff's military service records and FBI criminal history summaries, medical records protected

18   by HIPAA,[1] and academic records protected by FERPA.[2]  In addition, Dryden alleges he was surveilled

19   by UNLV police on and off campus.  Dryden's invasion of privacy claim arises under Nevada state

20   law.[3]  Under the doctrine of supplemental jurisdiction, a federal court may hear state claims that are part

21

22   _____

23   [1]HIPAA, the Heath Insurance Portability and Accountability Act, 29 U.S.C. § 1181 *et seq.*, 42

24   U.S.C. §§ 300gg, and 1320d *et seq.*, does not create an implied private right of action to sue under 42
     U.S.C. § 1983.  *See Cunningham-Dirks v. Nevada,* No. 2:12-cv-00590-PMP, 2013 WL 77470 at *5 (D.
     Nev. Jan. 3, 2013) (citing *Seaton v. Mayberg,* 610 F.3d 530, 533 (9th Cir. 2010)).

25
     [2]FERPA, the Family Educational Rights and Privacy Act, codified at 20 U.S.C. § 1232g, does not
26   create a private right of action to sue under 42 U.S.C. § 1983.  *See Desyllas v. Bernstein,* 351 F.3d 934,
27   940 n.2 (9th Cir. 2003) (citing *Gonzaga Univ. v. Doe,* 536 U.S. 273, 276 (2002)).

28       [3]In Nevada, the tort is referred to as the tort of intrusion.

9

of the "same case or controversy" as a claim arising under federal law. 28 U.S.C. § 1367(a). However, the court may decline to exercise supplemental jurisdiction over state law claims if the court determines that federal claims warrant dismissal. 28 U.S.C. §1367(c)(3). The exercise of supplemental jurisdiction is entirely within the court's discretion. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 716, (1966).  Here, the court has found Dryden has not stated a federal claim on which relief can be granted. Nevertheless, the court will screen Dryden's invasion of privacy claim.

In order to state a claim under Nevada law for the tort of intrusion, Dryden must allege (a) an intentional intrusion (physical or otherwise); (b) on his solitude or seclusion; (c) that would be highly offensive to a reasonable person. *See People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd.,* 895 P.2d 1269, 1279 (Nev. 1995), *overruled in part on other grounds by City of Las Vegas Downtown Redevelopment Agency v. Hecht,* 940 P.2d 134 (Nev. 1997).  In order to have an interest in seclusion or solitude that the law will protect, a plaintiff must show that he had an actual expectation of seclusion or solitude that was objectively reasonable. *See M&R Inv. Co.,* 748 P.2d 488, 493 (Nev. 1987).  Here, Dryden has not stated a claim for intrusion against Barefield.  Dryden alleges it was "the police" who surveilled him and the police who disclosed his private information.  This claim will, therefore, be dismissed with leave to amend.

Dryden is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing,

**IT IS ORDERED** that:

1.      Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2.      Plaintiff is permitted to maintain this action to conclusion without the necessity of

1    prepayment of any additional fees or costs or the giving of a security therefor.  This

2    Order granting leave to proceed in forma pauperis shall not extend to the issuance of

3    subpoenas at government expense.

4    3.   The Clerk of the Court shall file the Complaint.

5    4.   Plaintiff's Complaint is DISMISSED, with leave to file an amended complaint.  Plaintiff

6         shall have until **June 27, 2014,** to file his amended complaint, if he believes he can

7         correct the noted deficiencies.  The amended complaint must be a complete document in

8         and of itself, and will supersede the original complaint in its entirety.  Any allegations,

9         parties, or requests for relief from prior papers that are not carried forward in the

10        amended complaint will no longer be before the court.

11   5.   Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST

12        AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C.

13        § 1983" on page 1 in the caption, and plaintiff shall place the case number, **2:13-cv-**

14        **01896-RCJ-PAL**, above the words "FIRST AMENDED"in the space for "Case No."

15   6.   Plaintiff is expressly cautioned that if he does not timely file an amended complaint in

16        compliance with this order, it will be recommended that the district judge dismiss this

17        action with prejudice and close this case.

18   7.   The Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with

19        instructions along with one copy of the original complaint.

20   Dated this 27th day of May, 2014.

21

22

23   PEGGY A. LEEN
     UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28