UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEFFREY L. DRYDEN,<br><br>                         Plaintiff,<br><br>v.<br><br>ANDREA BAREFIELD, et al.,<br><br>                        Defendants. | Case No. 2:13-cv-01896-RCJ-PAL<br><br>ORDER AND REPORT OF FINDINGS AND RECOMMENDATION<br><br>(Amended Complaints – Dkt. ##4, 5) |

This matter is before the court on Plaintiff's Amended Complaints (Dkt. ##4, 5) both filed June 27, 2014. Plaintiff is proceeding in this matter pro se and in forma pauperis. Previously, the court screened Plaintiff's Complaint (Dkt. #3), found he did not state a claim upon which relief could be granted, and directed him to file an Amended Complaint if he believed he could cure the noted deficiencies. Plaintiff filed two Amended Complaints, which make the same allegations. Because the second-docketed Amended Complaint contains more detail, the court will treat it as the operative pleading and screen it.

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

/ / /

1      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a
2 complaint for failure to state a claim upon which relief can be granted.  Review under Rule
3 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of*
4 *America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and
5 plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.
6 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not
7 require detailed factual allegations, it demands "more than labels and conclusions" or a
8 "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
9 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all
10 well-pled factual allegations contained in the complaint, but the same requirement does not apply
11 to legal conclusions.  *Id.*  Mere recitals of the elements of a cause of action, supported only by
12 conclusory allegations, do not suffice.  *Id.* at 679-80.  Secondly, where the claims in the
13 complaint have not crossed the line from plausible to conceivable, the complaint should be
14 dismissed. *Twombly,* 550 U.S. at 570.

15      Dryden's Amended Complaint attempts to state claims under 42 U.S.C. § 1983 against
16 Defendant Andrea E. Barefield and two Jane Doe Defendants.  To state a claim under section
17 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the
18 deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S.
19 42 (1988) (citation omitted).  States and state officers sued in their official capacity are not
20 "persons" for the purposes of a section 1983 action, and generally, they may not be sued under
21 the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  Section 1983 does
22 allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26
23 (1991).

24      **A.    Factual Allegations.**

25      Plaintiff alleges that he is a California citizen, living in Nevada, who attended the
26 University of Nevada Las Vegas ("UNLV") as a graduate student.  He alleges that prior to
27 attending UNLV, he graduated from University of California Davis School of Law and passed
28 the California and Nevada bar examinations and the Multistate Professional Responsibility exam.

1  He alleges Defendant Andrea Barefield was the Coordinator of the Office of Student Conduct for
2  UNLV. Plaintiff alleges he does not know the identities of the Jane Doe Defendants, but they
3  were both employed by the Nevada System of Higher Education. Plaintiff has sued each
4  Defendant in an individual capacity and an official capacity.

5  Plaintiff alleges "on information and belief" that Barefield promulgated a rule that
6  criminalizes "failing to comply with reasonable directions of University officials (i.e., faculty,
7  staff, graduate assistants, resident assistants, student employees) or law enforcement officers who
8  have identified themselves as such and are performing their duties." Complaint at ¶ 24. He
9  asserts that Barefield told the Nevada State Bar that he had been expelled for violating this rule.[1]
10 He contends that as a result of Barefield's statements, he was denied admission to the Nevada
11 State Bar.

12 In addition, the Amended Complaint alleges that a uniformed UNLV police officer
13 accused Dryden of committing an unspecified crime and that a uniformed UNLV detective
14 showed up, unannounced, at Plaintiff's place of employment and conducted a custodial
15 interrogation. Plaintiff contends he answered all questions concerning his identity and provided
16 the detective with his state-issued driver's license and UNLV student identification card.
17 Plaintiff alleges he asserted his *Miranda* rights, requested an attorney, and refused to answer any
18 of the police officer's questions about the alleged crime. He contends his attorney contacted the
19 UNLV police officer to set up an appointment to answer the police officer's questions. Plaintiff
20 alleges the police detective "demanded" Plaintiff waive his *Miranda* rights. Plaintiff did not and
21 refused to answer questions about the alleged crime. Plaintiff alleges the UNLV asked Barefield
22 to discipline Plaintiff for asserting his *Miranda* rights. Plaintiff alleges Barefield knew the police
23 officer's complaint was baseless, but she expelled Dryden for failing to comply with the officer's
24 reasonable directions.

25 / / /

---

[1] Plaintiff has not adequately realleged his claims regarding the alleged unconstitutionality of this rule. Although he alleges they are "unconstitutionally vague and overbroad," these are the only allegations. Even if Plaintiff had re-alleged them, however, the court would recommend dismissal of them for the reasons set forth in the original Screening Order. *See* (Dkt. #2) at 7:4-8:24.

Plaintiff also alleges that on information and belief, the Defendants "often change" Plaintiff's military service records and FBI criminal history summaries, medical records protected by HIPAA,[2] and academic records protected by FERPA.[3] Additionally, he alleges the Defendants have disclosed unspecified confidential and privileged information to unspecified third parties.

Finally, Plaintiff alleges Defendants violated his right to equal protection guaranteed by the Fourteenth Amendment. He claims Defendants discriminated against him because he was an out-of-state student. He asserts that Defendants do not impose sanctions on in-state students who assert their *Miranda* rights during custodial interrogation, nor do they violate the privacy rights of in-state students.

**B.     Dryden's Claims.**

**1.     Official Capacity Claims.**

**a.     Claims for Damages.**

Dryden asserts claims against all of the Defendants in their official capacities. A suit against a state official in her official capacity is not a suit against the official, but is instead a suit against the official's office. *See Will,* 491 U.S. at 71. As discussed below, a suit against Defendants in their official capacities is a suit against the state of Nevada, and under the Eleventh Amendment, the state is immune from suit. The Eleventh Amendment bars suits "in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. In the absence of a waiver by the state or a valid congressional override, agencies of the state are immune for private damage actions or suits for injunctive relief brought in federal court. *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir.1999). Nevada has explicitly refused to waive its

---

[2] HIPAA, the Health Insurance Portability and Accountability Act, 29 U.S.C. §§ 1181 et seq., 42 U.S.C. §§ 30gg and 1320d et seq., does not create an implied right of action to sue under 42 U.S.C. § 1983. *See Cunningham-Dirks v. Nevada,* No. 2:12-cv-00590-PMP, 2013 WL 77470 at *5 (D. Nev. Jan. 3, 2013) (citing *Seaton v. Mayberg,* 610 F.3d 530, 533 (9th Cir. 2010)).

[3] FERPA is the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g. It does not create a private right of action under 42 U.S.C. § 1983. *See Desyllas v. Bernstein,* 351 F.3d 934, 940 n.2 (9th Cir. 20013) (citing *Gonzaga Univ. v. Doe,* 536 U.S. 273, 276 (2002)).

- 4 -

immunity to suit under the Eleventh Amendment. *See O'Connor v. Nevada,* 686 F.2d 749, 750 (9th Cir.1982) (citing NRS 41.031(3)).

Courts in this district have clearly established that the state university system, including UNLV, operates as a branch of the Nevada state government and is a state instrumentality or agency within the meaning of the Eleventh Amendment. *See*, *e.g., Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 883. n. 7 (9th Cir. 2004) (noting Nevada System of Higher Education is immune from suit under the Eleventh Amendment); *Johnson v. Univ. of Nev.,* 596 F. Supp. 175, 178 (D. Nev.1984) (finding the University of Nevada and its Board of Regents were state entities entitled to immunity under the Eleventh Amendment); *Simonian v. University and Community College System* 128 P.3d 1057, 1061–62 (Nev. 2006) (holding the University and Community College System is a state entity for purposes of the Federal Claims Act). Eleventh Amendment immunity extends to officials sued in their official capacities. A suit against a state official in his or her official capacity is not a suit against the official, but rather, is a suit against the official's office. *See Will*, 491 U.S. at 71. Accordingly, Defendants are immune from Dryden's official capacity claims under the Eleventh Amendment.

### 2. Claims for Injunctive Relief.

To the extent Dryden is seeking injunctive relief, the Eleventh Amendment does not bar that claim. *See Gamage v. Nevada ex rel. Board of Regents of Nevada Sys. of Higher Ed.*, (Jan 21, 2014) (citing *Ex Parte Young,* 209 U.S. 123 (1908)). In *Ex Parte Young,* the United States Supreme Court held that the Eleventh Amendment immunity doctrine does not bar suits brought in federal court against state officials in their official capacities for prospective injunctive relief to prevent future violations of federal law. *See Puerto Rico Aqueduct & Sewer Auth'y v. Metcalf & Eddy*, *Inc.,* 506 U.S. 139, 146 (1993). Dryden also alleges, in conclusory fashion, the factors the court must analyze in issuing a preliminary/permanent injunction. Rule 8 of the Federal Rules of Civil Procedure require "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Dryden's conclusory allegations do not

/ / /

1 merit entering a preliminary or permanent injunction at this stage of the proceedings. *Iqbal,* 556
2 U.S. at 679-80.

### 2. Individual Capacity Claims.

#### a. Due Process Claim.

Dryden alleges he was denied procedural due process because he was expelled without notice, hearing, or appeal. In order to state a procedural due process claim, Dryden must allege he was deprived of a protected interest, without due process of law. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982). To be entitled to the procedural protections of the Fourteenth Amendment, Plaintiff must demonstrate that his dismissal from the school deprived him of either a "liberty" or a "property" interest. *See Univ. of Mo. v. Horowitz*, 435 U.S. 78, 82 (1978). Plaintiff has a protected property interest in continued enrollment at a public institution of higher learning. *Id.* When a student is suspended from a public school or university for disciplinary reasons, due process requires "that the student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Goss v. Lopez*, 419 U.S. 565, 581 (1975).

Dryden alleges Defendant Barefield expelled him without providing him notice, hearing, or appeal. He asserts he requested a hearing, and Barefield denied his request and that he requested an appeal, and Barefield refused. Accepting Plaintiff's allegations as true, he has stated a due process claim.

#### b. First Amendment Retaliation Claim.

Plaintiff alleges that after being questioned by UNLV police, he answered all questions concerning his identity and provided the police officer with his driver's license and student identification card but then asserted *Miranda* rights and refused to answer questions about the unspecified alleged crime. Plaintiff alleges UNLV police asked Barefield to discipline Dryden for asserting his *Miranda* rights, and even though Barefield knew the police officer's complaint was baseless, she expelled Dryden for violating the provision of UNLV's Code that prohibits a student from not complying with reasonable directions of law enforcement officers who

/ / /

1  identified themselves as such and are performing their duties.  Plaintiff has alleged that he was
2  retaliated against because he engaged in constitutionally-protected speech.

3        A heightened pleading standard applies for First Amendment retaliation claims.  *See*
4  *Mendocino Env'l. Ctr. v. Mendocino Cty.,* 192 F.3d 1283, 1300-01 (9th Cir. 1999) ("*Mendocino*
5  *II*") (citing *Mendocino Env'l Ctr. V. Mendocino Cty.,* 14 F.3d 457, 464 (9th Cir. 1994)
6  ("*Mendocino I*")).  The Ninth Circuit has recognized that a plaintiff asserting a First
7  Amendment retaliation claim "may not recover merely on the basis of a speculative chill due to
8  generalized and legitimate law enforcement initiatives."  *Mendocino I,* 14 F.3d at 464 (citing
9  *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986)).  To avoid dismissal of a First
10  Amendment retaliation claim, a plaintiff must allege that a defendant's conduct was motivated
11  by an intent to retaliate for the plaintiff's exercise of constitutionally-protected rights.  *Id.*
12  (citing *Thomas v. Carpenter,* 881 F.2d 828, 829 (9th Cir. 1989)).  "A defendant's intent *is* an
13  element of the claim."  *Id.* (emphasis in original).  Here, Dryden has not alleged that Barefield
14  deterred or chilled his speech.  In fact, he alleges that Barefield's conduct did not deter his
15  speech, and his speech (i.e., asserting his *Miranda* rights) was the reason he was expelled.

16        Additionally, *Miranda* warnings are only required when a suspect is subjected to
17  custodial interrogation.  *See Thompson v. Keohane,* 516 U.S. 99, 102 (1995).  Custodial
18  interrogation is questioning initiated by a law enforcement officer after a person has been taken
19  into custody or deprived of his freedom.  *See United States v. Butler,* 249 F.3d 1094, 1098 (9th
20  Cir. 2001) (citing *Miranda v. Arizona,* 384 U.S. 436, 444 (1966)).  In determining whether a
21  suspect is in custody, the court examines whether there was "a formal arrest or restraint on
22  freedom of movement" of the degree associated with a formal arrest.  *See Stansbury v.*
23  *California,* 511 U.S. 318, 322 (1994) (citing *California v. Beheler,* 463 U.S. 1121, 1125
24  (1983)).  To determine whether a suspect is in custody such that *Miranda* warnings are required,
25  the court looks at the "objective circumstances of the interrogation."  *Id.* at 323.  The subjective
26  views of the interrogating officer and the suspect are irrelevant.  *Id.; see also United States v.*
27  *Leasure,* 122 F.3d 837, 840 (9th Cir. 1997).
28  / / /

Here, Plaintiff's conclusory allegation that the police officer conducted a custodial interrogation is insufficient. He has not alleged any facts to support the legal conclusion that he was subjected to custodial interrogation, and the court is not required to accept as true his formulaic recitation. *See Iqbal,* 556 U.S. at 678-80. Furthermore, his claim that he was subjected to custodial interrogation is belied by the allegations in the Amended Complaint, which do not support a finding that his freedom of movement was restrained to the degree associated with formal arrest. Rather, he alleges that the police office came to Plaintiff's place of employment to question him and that he was free to leave to hire an attorney who later acted on Plaintiff's behalf. *See* Complaint at ¶¶ 28, 31. Because Plaintiff has not sufficiently alleged that he was subject to custodial interrogation, *Miranda'*s procedural safeguards are not triggered. *See Rhode Island v. Innis,* 446 U.S. 291, 301 (1980). Plaintiff has not stated a First Amendment retaliation claim.

### c. Invasion of Privacy Claim.

Dryden also alleges a claim for invasion of privacy. Dryden's invasion of privacy claim arises under Nevada state law.[4] Under the doctrine of supplemental jurisdiction, a federal court may hear state claims that are part of the "same case or controversy" as a claim arising under federal law. 28 U.S.C. § 1367(a). However, the court may decline to exercise supplemental jurisdiction over state law claims if the court determines that federal claims warrant dismissal. 28 U.S.C. § 1367(c)(3). The exercise of supplemental jurisdiction is entirely within the court's discretion. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 716, (1966).

In order to state a claim under Nevada law for the tort of intrusion, Dryden must allege (a) an intentional intrusion (physical or otherwise); (b) on his solitude or seclusion; (c) that would be highly offensive to a reasonable person. *See People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd.,* 895 P.2d 1269, 1279 (Nev. 1995), *overruled in part on other grounds by City of Las Vegas Downtown Redevelopment Agency v. Hecht,* 940 P.2d 134 (Nev. 1997). In order to have an interest in seclusion or solitude that the law will protect, a plaintiff

---

[4]In Nevada, the tort is referred to as the tort of intrusion.

must show that he had an actual expectation of seclusion or solitude that was objectively reasonable. *See M&R Inv. Co.,* 748 P.2d 488, 493 (Nev. 1987).

Dryden alleges that Barefield and Jane Doe #2 obtained confidential information about Plaintiff, changed certain information, and disclosed it to unspecified third parties. The Nevada Supreme Court has looked to the *Restatement* in analyzing the tort of intrusion, and it recognized that the tort of intrusion includes things like "the meddling conduct of eavesdroppers, the unpermitted opening of others' mail, and the making of illegal searches and seizures. Simply put, the intrusion tort gives redress for interference with one's right to be left alone." *Id.* (citing William L. Prosser, *Privacy*, 48 Cal. L. Rev. 383 (1960) and *Restatement (Second) of Torts* § 652B at 378 (1977)). Here, Dryden's conclusory allegations that Barefield and Doe #2 disclosed unspecified confidential and privileged documents to unspecified third parties is insufficient to state an intrusion claim. The Nevada Supreme Court has enunciated the following factors in considering whether a particular action was highly offensive: "the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." *People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd.,* 867 P.2d 1269, 1133 (Nev. 1995), *overruled on other grounds by City of Las Vegas Downtown Redevelopment Agency v. Hecht,* 940 P.2d 134, 138 (Nev. 1997). Plaintiff has not alleged specific facts to support his intrusion claim, and his conclusory recitation of the elements is insufficient.

### d. Equal Protection Claim.

Dryden alleges he was treated differently by Defendants because he was an out-of-state student. The purpose of the equal protection clause of the Fourteenth Amendment is to prevent intentional and arbitrary discrimination on the basis of gender, national origin, ethnicity, race, or religion. *See Engquist v. Oregon Dept. of Ag.,* 553 U.S. 591, 611 (2008) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff has not alleged that he was discriminated against based on his membership in any protected class, nor has he asserted that

/ / /

he was intentionally treated differently from others similarly situated (the so-called "class of one" equal protection claim).  Therefore, Dryden has not stated an equal protection claim.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of the Court shall issue summons to Defendant Andrea Barefield and deliver the same to the U.S. Marshal for service.  Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether Defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

2. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants.  The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

**IT IS RECOMMENDED**:

1. Plaintiff's First Amendment retaliation, Fourteenth Amendment equal protection, and Nevada law intrusion claims be DISMISSED for failure to state a claim upon which relief can be granted.

2. Plaintiff's claims against all Defendants in their official capacities be DISMISSED for failure to state a claim upon which relief can be granted.
3. Plaintiff's claims against Jane Doe #1 and Jane Doe #2 be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 23rd day of October, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.