ELDA M. SIDHU
General Counsel
Nevada Bar No. 7799
DEBRA L. PIERUSCHKA
Assistant General Counsel
Nevada Bar No. 10185
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada 89154-1085
Telephone: (702) 895-5185
Facsimile: (702) 895-5299
*Attorneys for Andrea E. Barefield*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY L. DRYDEN,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREA E. BAREFIELD, JAND DOE #1, AND JANE DOE #2,<br><br>Defendants. | CASE NO.: 2:13-CV-01896-RCJ-PAL<br><br>**DEFENDANT'S MOTION TO EXTEND TIME AND/OR APPROVE DEFENDANT'S TIMING OF FILING HER OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND THIS COURT'S JUDGMENT ENTERED ON FEBRUARY 10, 2014 [NRCP 59]** *sic* **[Doc #29]** |

Defendant, Andrea E. Barefield, individually and in her official capacity ("**Barefield**") by and through counsel, Debra L. Pieruschka, Esq., Assistant General Counsel, University of Nevada, Las Vegas, Office of General Counsel, hereby submits Defendant's Motion to Extend Time and/or Approve Defendant's Timing of Filing Her Opposition to Plaintiff's Motion to Alter or Amend this Court's Judgment Entered on February 10, 2014 pursuant to NRCP 59 *sic* [Doc. #29] ("**Motion**") and requests this Court extend the time to file and approve Defendant's timing of filing her opposition to Plaintiff's Motion to Alter or Amend this Court's Judgment Entered on February 10, 2014 [NRCP 59] *sic*.

This Motion is based on Fed. R. Civ. P. 6, Local Rule 6-1, Local Rule 6-2, the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument to be made at the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Barefield seeks approval of this Court to grant her an extension up to and including March 30, 2015 to file her Opposition to Plaintiff's Motion to Alter or Amend this Court's Judgment entered on February 10, 2014 pursuant to NRCP 59 *sic* [Doc. #28] ("**Motion**"). On March 10, 2015, Plaintiff filed his Motion to alter or amend the February 10, 2015 decision based on his contention the court erred when it struck Plaintiff's Second Amended Complaint and granted judgment in favor of Defendant Barefield. [**Doc. #28**]. Defendant Barefield had up to and include March 27, 2015 to file her opposition to Plaintiff's Motion. Fed. R. Civ. P. 6. Although Defendant Barefield's Opposition was complete and ready to be filed on March 27, 2015, due to counsel being ill that day, it was not. However, upon her immediate return to work the next business day, March 30, 2015, Defendant Barefield's Opposition was filed. [**Doc. #29**].

Rule 6(b)(1) permits a court, for good cause appearing, to extend the time to complete an act, after the time has expired to do so, if a party files a motion demonstrating it failed to act because of excusable neglect. FED. R. CIV. P. 6(b)(1)(B). Excusable neglect exists where a party's failure to comply with a deadline was negligent. *See Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir.2009). There are at least four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *See Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Applying the *Pioneer* facts, this Court should grant Defendant Barefield's Motion to Extend Time and Approve the Timing of the Filing of her Opposition [**Doc. 29**] because she has demonstrated excusable neglect warranting such action. First, there is no prejudice to Plaintiff because he will have his seven (7) days after service of Defendant's response to file his reply to it.

Second, the delay was less than one (1) business day after the specified deadline and has no impact on the current judicial proceedings. Last, there was no bad faith in the failure to timely file; it was just plain simple human error.

Based upon the foregoing, the Defendant Barefield respectfully requests this Court grant her Motion to Extend Time and deem Defendant's Opposition [**Doc. 29**] as timely.

DATED: MARCH 30, 2015.

/S/ DEBRA L. PIERUSCHKA
ELDA LUNA SIDHU
General Counsel
Nevada Bar No. 7799
DEBRA L. PIERUSCHKA
Assistant General Counsel
Nevada Bar No. 10185
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada 89154-1085
Telephone: (702) 895-5185
Facsimile: (702) 895-5299
*Attorneys for Defendant Barefield*

IT IS SO ORDERED this 14th day of May, 2015.

_____
ROBERT C. JONES