UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| JEFFREY L. DRYDEN, | ) ) ) | |
| Plaintiff, | ) ) | 2:13-cv-01896-RCJ-PAL |
| vs. | ) ) ) | **ORDER** |
| ANDREA E. BAREFIELD, | ) ) | |
| Defendant. | ) ) | |

Plaintiff Jeffrey Dryden sued Defendant Andrea Barefield *in pro se* in this Court for various constitutional violations. In granting Plaintiff's motion to proceed *in forma pauperis*, the Magistrate Judge screened the Complaint and dismissed it with leave to amend. Plaintiff then filed two versions of the First Amended Complaint ("FAC"), and the Magistrate Judge screened the second, more detailed version. Defendant then filed a motion to dismiss the FAC. Plaintiff was due to respond to that motion on January 2, 2015. Meanwhile, the Court accepted and adopted the Magistrate Judge's Report and Recommendation to dismiss all claims in the FAC except for one due process claim. The Court then granted a timely stipulation to extend the time to respond to the motion to dismiss, giving Plaintiff until January 8, 2015.

Rather than submit a response to the motion to dismiss on this date, Plaintiff chose to file a Second Amended Complaint ("SAC"). Given Plaintiff's SAC, Defendant then moved for

clarification regarding the procedural posture of the case. The Magistrate Judge struck the SAC for Plaintiff's failure to seek leave to file it and ordered that the FAC remain the "operative pleading in this matter." (Order 2, ECF No. 23). Plaintiff did not object to this ruling or otherwise respond to the motion to dismiss. On February 10, 2015, the Court granted Defendant's motion to dismiss, finding that Plaintiff had consented to such by failing to respond pursuant to Local Rule 7-2(d).

Plaintiff then asked the Court to alter or amend that judgment under Federal Rule of Civil Procedure 59(e). On June 1, 2015, the Court denied Plaintiff's motion for reconsideration. Now, under Federal Rule of Civil Procedure 60(b), Plaintiff moves the Court to reconsider its decision to dismiss the case based on six grounds (ECF No. 35).

**I.      *SUA SPONTE* SCREENING**

Plaintiff argues that the Court's decision to dismiss his due process claim which had survived *sua sponte* screening under 28 U.S.C. § 1915A constitutes "mistake" under Rule 60(b)(1) because the same standard governs both screening procedures and motions to dismiss. This argument is irrelevant because the motion to dismiss was not based on the merits of Plaintiff's claim—the Court dismissed the claim because Plaintiff consented to the motion by failing to respond pursuant to Local Rule 7-2(d). (*See* Order, ECF No. 26). Furthermore, *see Ofeldt v. McDaniel*, No. 10-00494, 2012 WL 506010, at *1 (D. Nev. Feb. 15, 2012) (stating that when a claim survives screening this fact "does not necessarily foreclose subsequent motions under the same standard that bring more specific legal issues to a court's attention."). No mistake occurred.

## II. EXCUSABLE NEGLECT

Plaintiff argues the U.S. Postal Service ("USPS") failed to deliver to him a copy of the order striking the SAC and, thus, his neglect in responding to the order dismissing his case was excusable under Rule 60(b)(1). Four factors provide a framework for determining whether "excusable neglect" occurred: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

Plaintiff argues he could not file an objection to the motion to dismiss because he never received notice the Court had stricken the SAC. According to Plaintiff, USPS had mishandled various pieces of mail, including notice of the stricken SAC. While this may be true, Plaintiff admits he checked his mail only once on January 22, 2015 and once on February 17, 2015. (*See* Pl.'s Decl., Ex. C, ECF No. 36). The SAC was stricken on January 28; thus, Plaintiff would not have received notice by January 22. In addition, even if the notice had not reached his mailbox by February 17, Plaintiff received a copy of the order approving Defendant's motion to dismiss, which also indicated the Court had stricken the SAC. (Mot. for Relief from J., 12, ECF No. 35).

After receiving notice on February 17, Plaintiff took no steps to correct his delay or alert the Court concerning his postal problems until this Motion filed on June 26, 2015. He also failed to mention the problems in his first motion to reconsider filed on March 10, 2015. Thus, even presuming Plaintiff made this motion in good faith, the length of delay is not excusable. Nearly eight months have passed since Plaintiff's response to the motion to dismiss was due. Plaintiff has presented no persuasive argument to show his neglect in responding to the motion to dismiss was excusable.

## III. STANDARDS OF REVIEW

Plaintiff argues the Court made a "mistake" under Rule 60(b)(1) by using the incorrect standard of review while screening his original and amended complaints. First, Plaintiff argues the Court erred by ruling his pleading of "custodial interrogation" under *Miranda* to be merely a "formulaic recitation" as described in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, as the Magistrate Judge accurately explained, Plaintiff simply alleged that a "police detective then conducted a custodial interrogation." (Second Am. Compl., 5, ¶ 28, ECF No. 5). Plaintiff provided no facts to support his assertion that he was in custody or deprived of his freedom. His allegation was a legal conclusion—a "'naked assertion[]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). In other words, nothing in the claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Second, Plaintiff argues that during the Magistrate Judge's first screening the Court failed to construe Plaintiff's allegations in a light favorable to him. According to Plaintiff, he alleged that Defendant promulgated the rules and regulations in question here, contrary to the Court's assertion that Plaintiff "does not allege, nor is it plausible to believe, that Barefield . . . promulgated these rules and regulations." (Order 4, 7, ECF No. 2). Plaintiff misses the point. Even while construing Plaintiff's allegation in a light favorable to him, the Court concluded that his allegation was "speculative" and that "Barefield is not the proper party to sue for the alleged unconstitutionality of these Code provisions." *Id.* In other words, Plaintiff's allegation was so far off the mark it failed to state a claim upon which relief can be granted.

Third, Plaintiff argues the Court erred by dismissing his equal protection claim. He alleged that Defendant acted as she did because Plaintiff "is or was a citizen of the State of

California who had recently moved to Las Vegas for the purpose of attending the University of Nevada Las Vegas." (Compl., 10, ¶ 56, ECF No. 3). As the Magistrate Judge properly explained, Plaintiff did not allege he belonged to any protected class, "nor has he asserted that he was intentionally treated differently from others similarly situated (the so-called 'class of one' equal protection claim)." (Order 4, 6–7, ECF No. 2). Plaintiff failed to state an adequate equal protection claim.

The Court committed no "mistake" under Rule 60(b)(1).

### IV.     RULE 15

Plaintiff argues the Court made a "mistake" under Rule 60(b)(1) by using an outdated version of Rule 15(a)(1)(A) to strike his SAC. A Rule 60(b) motion following a motion for reconsideration "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In contrast, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* The Court thoroughly addressed Plaintiff's argument in a prior order (*See* Order, ECF No. 34). Plaintiff presents no new arguments or supporting facts to persuade the Court it misapprehended the facts, a party's position, or the controlling law. The Court committed no mistake on these grounds.

### V.      MISCONDUCT

Plaintiff alleges that Defendant committed "misconduct" under Rule 60(b)(3) by filing a "deluge of paperwork caused by her frivolous motions." (Mot. for Relief from J., 23). He argues Defendant used a "completely illogical argument," "snuck her versions of her 'facts' before the

Court under the guise of a motion for summary judgment," and "threw everything, including the kitchen sink, at both the plaintiff and this court." *Id.* at 20–22.

Under Rule 60(b)(3), a court may set aside a judgment if a party engaged in "fraud . . ., misrepresentation, or misconduct." Specifically, "the moving party must prove by clear and convincing evidence that . . . the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). This Rule "'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'" *Id.* (quoting *In re M/V Peacock,* 809 F.2d 1403, 1405 (9th Cir. 1987)). Generally, Rule 60(b) is "available 'only to prevent grave miscarriages of justice.'" *United States v. Chapman*, 642 F.3d 1236, 1240 (9th Cir. 2011) (quoting *United States v. Beggerly,* 524 U.S. 38, 47 (1998)).

Plaintiff has not shown by clear and convincing evidence that Defendant engaged in any misconduct. At best, his allegations are speculative and present no clear basis in fact. Further, even presuming Defendant presented illogical arguments, served Plaintiff with numerous motions (related to separate cases), or attempted to "sneak" facts into the case, this conduct would not have prevented Plaintiff from fully and fairly presenting his case, and it would not rise to the level of a grave miscarriage of justice. Defendant did not engage in misconduct under Rule 60(b)(3).

**VI.    ANY OTHER REASON**

Plaintiff argues under Rule 60(b)(6) ("any other reason that justifies relief") that the Court should reopen the case because USPS failed to deliver his mail, and also because he could not have responded to the motions Defendant filed due to his ill health and broken wrists.

Under Rule 60(b)(6), a party must request relief "within a reasonable time," and relief "is available only under extreme circumstances. . . . 'In order to bring himself within the limited area of Rule 60(b)(6) a petitioner is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal.'" *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (quoting *Martella v. Marine Cooks & Stewards Union, Seafarers Int. Union*, 448 F.2d 729, 730 (9th Cir. 1971)) (internal citations omitted).

Plaintiff requests relief from the motion to dismiss based on his difficulty receiving mail and his "ill health and broken wrists." (Mot. for Relief from J., 23). The Court already directly addressed the issue of mail delivery above. While Plaintiff's health situation is likely challenging, the Court cannot find that it created extreme circumstances. Plaintiff argues his health "prevented him from coping with the workload" Defendant created, *id.*; however, Plaintiff's circumstances did not prevent him from filing the SAC instead of a response to the motion to dismiss, and he successfully submitted multiple other motions and filings in this case. Thus, whatever challenges Plaintiff has faced, they clearly have not created extreme circumstances impeding his ability to represent himself in this case. Plaintiff does not merit relief under Rule 60(b)(6).

Plaintiff has presented no grounds for the Court to reconsider its order dismissing the case.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 35) is DENIED.

IT IS SO ORDERED.

Dated this 3rd day of September, 2015.

_____
ROBERT C. JONES